Case 3:21-cv-00262   Document 18   Filed on 06/21/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| YOLANDA G. DIFFER, | § § | |
| Plaintiff. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:21-cv-00262 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Yolanda G. Differ ("Differ") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Differ and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"). *See* Dkts. 13 and 15. After reviewing the briefing, the record, and the applicable law, Differ's motion for summary judgment is **GRANTED**, and the Commissioner's motion for summary judgment is **DENIED**.

## BACKGROUND

Differ filed an application for disability benefits under Title II of the Act in January 2020, alleging disability beginning on July 20, 2019. Her application was denied and denied again upon reconsideration. Differ filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability

applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id.* Between Steps 3 and 4, the ALJ

considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Differ "has not engaged in substantial gainful activity since July 20, 2019, the alleged onset date." Dkt. 8-3 at 15.

The ALJ found at Step 2 that Differ suffered from "the following severe impairments: lumbar degenerative disc disease with spinal stenosis and radiculopathy status post laminectomy, cervical degenerative disc disease with radiculatophy, diabetes mellitus with neuropathy, bilateral carpal tunnel syndrome, polymyalgia, major depressive disorder, and obesity." *Id*.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Differ's RFC as follows:

> [T]he the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b),1 except she can only stand/walk 4 hours in 8-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally stoop, balance, kneel, and crouch; never crawl; never work at unprotected heights; perform frequent handling, fingering with the bilateral upper extremities. In addition, she is limited to simple (as defined in the D.O.T. as SVP ratings 1 and 2), routine, tasks in a work environment that is not fast paced or has strict production quotas (e.g., work that is goal based or measured by end result).

*Id*. at 17.

At Step 4, the ALJ found that Differ was "unable to perform any past relevant work." *Id*. at 21. At Step 5, the ALJ concluded that Differ was not disabled. *See id*. at 21–23.

3

## DISCUSSION

This social security appeal raises three issues: (1) whether the ALJ improperly evaluated the medical opinion of Dr. Katherine Billingsley ("Dr. Billingsley"); (2) whether the ALJ inadequately evaluated Differ's pain and symptoms; and (3) whether the ALJ's decision or the Appeals Council's determination was tainted by constitutional infirmities surrounding the appointment of former-Commissioner Andrew M. Saul, who was still in office during the administrative process in this case. I only reach the first issue.

Dr. Billingsley treated Differs for diabetes and spinal stenosis. In conjunction with Differ's pursuit of disability benefits, Dr. Billingsley submitted a medical opinion detailing various limitations that plagued Differ as a result of her ailments. *See* Dkt. 8-13 at 27–30. Among other findings, Dr. Billingsley opined that, based on Differ's spinal ailment and related pain, in an eight-hour workday Differ would be off-task more than 25% of the time, "can sit a total of 1 hour," and can "stand and walk a total of 1 hour." Dkt. 8-3 at 20. These limitations, if accepted, likely would have resulted in a determination that Differ is disabled. *See* Dkt. 8-3 at 51 (vocational expert testifying that being off-task more than 10% of the time would preclude full-time work).

The ALJ rejected these findings, explaining that Dr. Billingsley's opinion

> understate[s] [Differ's] functional capacity in light of medical records as a whole and is out of proportion and inconsistent with the type and degree of treatment needed and unsupported by Dr. Billingsley's most recent treatment notes in August 2020 . . . showing no significant deficits in gait, motor strength, or sensation.

*Id.* at 20.

Differ challenges the ALJ's rejection of Dr. Billingsley's medical opinion, arguing that the ALJ failed to properly evaluate the medical opinion and failed to provide adequate reasoning for rejecting the opinion. In other words, Differ argues

that the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(2) because he did not sufficiently explain his decision to reject Dr. Billingsley's medical opinion. I agree.

Since Differ filed for benefits "on or after March 27, 2017," the ALJ was required to apply the new regulations. 20 C.F.R. §§ 404.1520c, 416.920c. Through the new regulations, the Commissioner revised the standards and procedures for evaluating medical opinions and prior administrative medical findings, abrogating the treating physician rule. As such, "ALJs are no longer required to give controlling weight to the opinions of treating physicians." *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *4 (S.D. Miss. Aug. 11, 2021) (quotation omitted). Instead, the ALJ considers the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. *Id.* § 404.1520c(c). The most important factors in evaluating persuasiveness are supportability and consistency. *See id.* § 404.1520c(b)(2).

With respect to "supportability," "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, No. 120CV00261RAKHP, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(3)). Simply put, "consistency" is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.*

5

At a minimum, an ALJ's persuasiveness explanation should "enable[] the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (cleaned up). "Stated differently, there must be a discernible logic bridge between the evidence and the ALJ's persuasiveness finding." *Pearson*, 2021 WL 3708047, at *5 (quotation omitted).

Here, the ALJ rejected Dr. Billingsley's medical opinion for essentially two reasons. First, the ALJ simply claims that Dr. Billingsley's medical opinion conflicts with the entire medical record. This is not true. The administrative record contains Dr. Billingsley's treatment notes, which include various test results and examination findings, as well as discussions of Differ's medical history and related symptomology. Dr. Billingsley references this treatment history to support her medical opinion concerning Differ's limitations. *See* Dkt. 8-13 at 27–30.

Next, the ALJ asserts that Dr. Billingsley's August 2020 treatment note does not support the limitations expressed in the medical opinion. It is difficult to understand this assertion because the ALJ failed to offer a more thorough explanation. I have reviewed the August 2020 treatment note, and contrary to the ALJ's assertion, the August 2020 treatment note seems to support Dr. Billingsley's medical opinion. Specifically, the August 2020 treatment note reflects that Differ had "multiple major muscle groups tender to palpation" and was "[p]ositive for back pain, gait problem[s,] and myalgias" Dkt. 8-28 at 49. These findings do not seem to cut against Dr. Billingsley's medical opinion.

Based on the limited explanation offered by the ALJ, I am left to speculate about the reasons behind his persuasiveness finding. This is error. *See Cooley*, 2021 WL 4221620, at *6.

I now turn to the issue of harmless error. "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006). As explained above, the vocational expert opined that the existence of one limitation described by Dr. Billingsley—which the ALJ ignored—may well have resulted in a determination of disability. Based on this fact, I conclude that it is conceivable that the ALJ could make a different administrative decision upon further review. Accordingly, this case is remanded to the ALJ for further proceedings.

## CONCLUSION

For the reasons provided above, Differ's motion for summary judgment (Dkt. 13) is **GRANTED**, and the Commissioner's motion for summary judgment (Dkt. 15) is **DENIED**.

SIGNED this 21st day of June 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE