United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| YOLANDA G. DIFFER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00262 |
| | § | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Before me is Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA"). *See* Dkt. 20. Plaintiff Yolanda G. Differ ("Differ") seeks $8,277.50 in fees and expenses.

On June 21, 2022, I issued a Final Judgment, remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings. *See* Dkt. 19. The EAJA permits a "prevailing party" against the federal government to recover an award of court costs and attorney's fees unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Differ is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding a remand that "terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA). The Commissioner "does not oppose an award of reasonable fees," but does object to the hourly rates Differ requests and to certain time entries that the Commissioner considers clerical or redundant. Dkt. 21 at 1.

It is a prevailing party's burden to establish that the attorney's fees requested are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying a reasonable hourly rate by the appropriate number of hours worked. *See id.* at 433. I will address both the proper hourly rate and the appropriate number of hours expended.

**Hourly Rate**: The EAJA dictates that attorney's fees not be awarded in excess of $125 per hour, unless the district court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Consumer Price Index for All Urban Consumers ("CPI-U"), as furnished by the U.S. Bureau of Labor Statistics, is commonly used to determine the appropriate amount for cost-of-living increases under the EAJA. *See Bode v. United States*, 919 F.2d 1044, 1053 n.8 (5th Cir. 1990) ("Certainly the district court could not be faulted if it should select an appropriate inflation index, such as the United States Department of Labor's Consumer Price Index for All Urban Consumers (CPI–U) published by the Bureau of Labor Statistics.").

Differ argues that I should apply the cost-of-living increase based on the national CPI-U rather than the Houston-The Woodlands-Sugar Land, Texas CPI-U, which covers the geographic region where the case was litigated. I disagree. "Even though the Fifth Circuit has not specifically determined whether courts should apply the national, regional, or local CPI when calculating fee adjustments under the EAJA, it has emphasized the importance of uniformity in cost-of-living adjustments within courts located in the same city or division." *Henline v. Kijakazi*, No. 3:20-CV-1944, 2022 WL 2975326, at *2 (N.D. Tex. July 5, 2022) (citing *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006)). District courts in the Galveston and Houston divisions of the Southern District of Texas routinely use the CPI-U rate for Houston-The Woodlands-Sugar Land, Texas when deciding reasonable fees for EAJA purposes. *See, e.g.*, *Matthews v. Berryhill*, No. 4:18-CV-4795, 2020 WL 242487, at *3 (S.D. Tex. Jan. 16, 2020). I will do so as well.

To calculate the proper fee increase above the $125 statutory hourly rate, I look to the ratio of the Houston-The Woodlands-Sugar Land, Texas CPI-U at the time the legal services were rendered (the numerator) to the Houston-The Woodlands-Sugar Land, Texas CPI-U at the time the current statutory limit of $125 was set in 1996 (the denominator).[1] *See Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 n.5 (E.D. Tex. 2006). The quotient derived from this ratio is multiplied by the $125 hourly limit to produce an adjusted hourly rate that reflects the cost-of-living increase. *See id.*

The work in this case was performed in 2021 and 2022. Using the above formula, I calculate the hourly rates for the relevant years as follows[2]:

- For 2021, the CPI-U for Houston-The Woodlands-Sugar Land, Texas was 238.975. This is the numerator. In 1996, the annual average CPI-U for Houston-The Woodlands-Sugar Land, Texas was 142.7. This is the denominator. The quotient derived from this ratio is 1.6746 (238.975/142.7). Multiplying 1.6746 by $125 yields an hourly rate of $209.33 for 2021.

- For 2022, there is no annual data yet available. Because the semi-annual CPI-U for Houston-The Woodlands-Sugar Land, Texas is available and counsel's billing entries are not confined to a single month, I will use the semi-annual CPI-U for Houston-The Woodlands-Sugar Land, Texas, which is 255.451. Again, in 1996, the annual average CPI for Houston-The Woodlands-Sugar Land, Texas was 142.7. This is the denominator. The quotient derived from this ratio is

---

[1] I obtained the CPI-U numbers used to calculate Differ's attorney's fees from https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Sep. 30, 2022).

[2] Differ also suggests that one hourly rate should be used for all hours whenever expended. The Fifth Circuit has expressly rejected this approach. *See Perales v. Casillas*, 950 F.2d 1066, 1077 (5th Cir. 1992) ("We find no language in the EAJA authorizing fees at current adjusted rates for all hours whenever expended."). To determine the hourly rate without regard to the year in which the work was performed would function as an impermissible award of interest against the United States. *See id.* at 1077 ("[C]ost-of-living compensation of attorneys under the EAJA merely for the delay in payment is a prohibited award of interest against the United States.").

1.79012614 (255.451/142.7). Multiplying 1.79012614 times $125 yields an hourly rate of $223.77 for 2022.

Now that we have calculated the proper adjusted hourly rates for 2021 and 2022, we can turn to assessing the appropriate number of hours expended by Differ's counsel.

**Appropriate Number of Hours Expended**: Differ's counsel contends that she spent 38.5 hours working on this case (nine hours in 2021 and 29.5 hours in 2022). The Commissioner objects to certain fee requests as purely clerical. As a general rule, purely clerical tasks may not be properly billed at an attorney rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Specifically, the Commissioner argues:

> [Differ's] attorney requests fees for tasks that were clerical in nature and did not require the exercise of legal judgement or knowledge:
>
> | | | |
> |---|---|---|
> | 09/20/21 | 2 hours | Draft complaint, civil cover sheet, and summons |
> | 09/24/21 | .5 hours | File complaint, civil cover sheet and summons |
> | 07/13/22 | 1.5 hours | Review FDC file for closure, prep EAJA, review docket |
>
> ****
>
> The Commissioner contends that preparation and filing of the complaint constituted attorney work, for a total of .5 hours because it is a short and standard document, and should be allowed, but that 2 hours in 2021 and .5 hours in 2022 constituted clerical work.

Dkt. 21 at 2.

These tasks do not strike me as purely clerical, and I will not reduce the hours requested on that basis. At the same time, I recognize that the Supreme Court requires fee applicants to exercise "billing judgment," meaning they should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434, 437. For that reason, district courts often adjust for excessive hours related to routine tasks. *See, e.g.*, *Hayes v. Astrue*, No. 3:09-CV-2018, 2010 WL 5479611, at *2 (N.D. Tex. Dec. 3, 2010) (reducing time for drafting complaint and affidavit from four hours to one hour). Differ's Complaint is only two pages long and primarily consists of boilerplate language. Two and a

half (2.5) total hours for drafting and filing the complaint, civil cover sheet, and summons strikes me as a bit excessive, especially given that Differ's counsel has specialized in social security disability law for more than 10 years. *See Brandt v. Astrue*, No. 08-0658, 2009 WL 1727472, at *4 n.2 (D. Or. June 16, 2009) ("[W]ith expertise should come efficiency."). One and a half hours strikes me as a reasonable amount of time for drafting a complaint, civil cover sheet, and summons; and filing such documents. Accordingly, I will deduct one hour from Differ's request for time billed in September 2021.

The Commissioner also objects to Differ's fee request for the three hours her counsel spent drafting a request for remand prior to briefing, arguing that this time is "duplicative of the 22 hours requested for work performed in drafting the brief." Dkt. 21 at 4. I am not here to tell Differ's counsel how to manage her time. Without further explanation, I struggle to understand why this time is duplicative, especially when the total hours requested (38.5) fall within what the Commissioner acknowledges to be "the typical request" range of 30 to 40 hours in these types of cases. *Id.* at 3.

Overall, I find that Differ is entitled to reasonable and necessary attorney's fees as follows: $1,674.64 for eight hours worked in 2021 at $209.33 per hour; and $6,601.22 for 29.5 hours worked in 2022 at $223.77 per hour. The total amounts to $8,275.86. Plaintiff's Motion for Fees Under the Equal Access to Justice Act (Dkt. 19) is thus **GRANTED**. The Commissioner is ordered to pay the sum of $8,275.86 attorney's fees under the EAJA, with the check made payable to Differ and mailed directly to her attorney.

SIGNED this 30th day of September 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE